YOUNG *v.* WHEELER *et al.*

(*Circuit Court, D. Colorado.* March 16, 1888.)

1. FRAUDS, STATUTE OF—AGREEMENTS RELATING TO LAND—PARTNERSHIP.
    A bill in equity, by one claiming to be a partner, to obtain a conveyance of an interest in lands on the ground that they belonged to a partnership formed for buying and selling real estate, which alleges that the partnership was formed both by means of personal conversations and by letters, is demurrable, as such partnership cannot be formed by parol.

2. PARTNERSHIP—POWER OF PARTNER TO BIND THE FIRM.
    A bill by one claiming to be a partner, to obtain conveyance of an interest in land claimed to be partnership land, which alleges that the partnership was formed for the purpose of buying and selling land, does not state a cause of action against a vendee of one of the alleged partners, since, if the vendor was a partner, he had authority to sell the land.

In Equity. On demurrer to bill.
*V. D. Markham* and *L. M. Cuthbert*, for complainant.
*Geo. J. Boal*, for defendant Wheeler.
*L. S. Dixon*, for defendant company.

HALLETT, J. Suit was brought by Harvey Young against Jerome B. Wheeler to obtain a conveyance of an interest in certain lands. Plaintiff alleges that in the latter part of the year 1882, and the early part of the

year 1883, he entered into an agreement with the defendant for a partnership, the object of which was to secure title to lands, and to dispose of such lands. He states that "your orator is unable to state the exact date of the making of the said agreement of partnership, for the reason that the subject of said partnership agreement was not embodied in any formal partnership agreement in writing, but was discussed and agreed upon by your orator and the said defendant from time to time during said period, both from and by means of personal conversations held between your orator, and by letters written and interchanged between your orator and the said defendant during said period; but that the terms and conditions of said partnership agreement were fully settled and agreed upon by and between your orator and the said defendant from and during said interviews and letters as aforesaid." From this statement it appears that the agreement was formed by a conversation between the parties, and to some extent by letters passing between them. How much of it may be shown in writing, and how much expressed in the acts and words of the parties, without writing, does not appear. After this bill was filed, and Mr. Wheeler, the defendant therein, answered, the Grand River Coal & Coke Company was brought into the case by supplemental bill, as the grantee of Mr. Wheeler of certain lands, the plaintiff seeking the same relief against the company as against Mr. Wheeler. That company has filed a demurrer to the bill, the principal point in which is that the agreement, as stated in the bill, is within the statute of frauds, as not being in writing; and the fact appears to be as contended by the defendant in respect to that matter.

From the clause which I have read from the bill it may be that the greater part of the agreement is dependent upon the parol understanding and agreement of the parties, and very little of it can be shown in the letters to which reference is made. If it be taken to be a partnership as alleged by the plaintiff, for buying lands, in which the plaintiff was to have an interest, although the title thereto should be taken in the name of the defendant Wheeler, the agreement would, if shown, tend to establish a trust on the part of Wheeler in respect to these lands for the plaintiff; and that cannot rest in parol under the statute. It is unnecessary to comment upon the statute or upon the point made in the demurrer at any length, because this is a question which is considered in the books, in several cases, and in the text-books. *Smith* v. *Burnham*, 3 Sum. 435, is a leading authority upon the question, and fully in point in respect to the agreement here stated.

It is to be observed also that if this was, as alleged by the plaintiff, a partnership for buying and selling lands, that the sale of these lands to the Grand River Coal & Coke Company—the defendant making this demurrer—was apparently within the terms of the agreement; and Mr. Wheeler having authority to make sale of the lands, and having done so to defendant company, the plaintiff would be in no position to demand anything from the company itself. Upon the terms of the agreement, if it be valid, he may claim an accounting from Mr. Wheeler in respect to the proceeds of the land, but for the land itself, if the partnership con-

templated a sale of the lands as well as a purchase of them, he could make no claim upon the vendee.

Upon these grounds the demurrer of this defendant to the bill is sustained.